## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

ANTHONY E. JENKINS,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

CIVIL ACTION NO.: CV215-80

(Case No. CR210-29)

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Movant Antonio Jenkins ("Jenkins"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 contesting his conviction obtained in this Court. Respondent filed a Response, and Jenkins filed a Reply. For the reasons which follow, Jenkins' Section 2255 motion should be **DENIED**. Jenkins has also filed a Motion for Appointment of Counsel, which is **DENIED**.[1] (Doc. No. 3).

## STATEMENT OF THE CASE

Jenkins was convicted in this Court, after entry of a guilty plea, of transferring an unregistered "sawed-off" shotgun, in violation of 26 U.S.C. §§ 5812, 5861(e), and 5871.

---

[1] 18 U.S.C. § 3006A(a)(2) provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28." Accordingly, the court may appoint counsel for this indigent federal *habeas corpus* petitioner only if the interest of due process or justice so require. Schultz vs. Wainwright, 701 F.2d 900 (11th Cir. 1983). Hooks vs. Wainwright, 775 F.2d 1433 (11th Cir. 1985). It does not appear that the interests of due process or justice require that Jenkins be afforded counsel, and it does not appear that an evidentiary hearing will be required. Should it become apparent later in these proceedings that an evidentiary hearing is required, or that the interests of due process or justice so require, then counsel shall be appointed for Jenkins.

J., United States of America v. Jenkins, 2:10-cr-29, (S.D. Ga. May 20, 2011), ECF No. 40. The Honorable Lisa Godbey Wood sentenced Jenkins to 88 months' imprisonment. Id. Jenkins did not file a direct appeal.

On January 22, 2015, United States Attorney Edward J. Tarver disclosed to the Court information regarding an "improper relationship" between Assistant United States Attorney ("AUSA") Cameron Ippolito and ATF Special Agent Lou Valoze. In Re: Ippolito & Valoze, 2015 WL 424522, at *1 (S.D. Ga. Jan. 30, 2015). The Court ordered that the United States Attorney "submit a list of all cases . . . in which AUSA Ippolito and Agent Valoze collaborated." Id. Jenkins' prosecution was listed as one of these cases. Resp., In Re: Ippolito & Valoze, 2:15-mc-2 (S.D Ga. Feb. 11, 2015), ECF No. 4-1, p. 9.

In this Motion, Jenkins asserts he was denied effective assistance of counsel, which resulted in his conviction, even though he is actually innocent of the crime to which he pleaded guilty. Jenkins contends his counsel failed to investigate defenses of entrapment, abuse of public authority, entrapment by estoppel, and outrageous government misconduct. (Doc. No. 1, p. 4). Jenkins also contends counsel was ineffective for failing to file a pretrial motion to dismiss the indictment against him or an appeal based on constitutional violations.

Respondent contends the majority of Jenkins' motion is untimely. To the extent Jenkins claims entitlement to relief based on the Government's disclosure of the relationship between Ippolito and Valoze, the prosecutor and federal agent involved in the prosecution of his case, Respondent contends Jenkins is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

### I.    Whether Jenkins' Motion is Timely

To determine whether Jenkins' Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

### A.    Sections 2255(f)(1)–(3)

Jenkins' Change of Plea hearing occurred on December 14, 2010, and he was sentenced on May 20, 2011, to 88 months' imprisonment. Min. Entries, United States of America v. Jenkins, 2:10-cr-29 (S.D. Ga. Dec. 14, 2010, and May 20, 2011), ECF Nos. 29, 39. Chief Judge Wood entered judgment in this case on May 24, 2011. J., United States of America v. Jenkins, 2:10-cr-29 (S.D. Ga. May 24, 2011), ECF No. 40. Jenkins had fourteen (14) days, or until June 7, 2011, to file a notice of appeal. Fed. R. App. P.

AO 72A
(Rev. 8/82)

4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because Jenkins did not file an appeal, he had until June 7, 2012, to file a timely § 2255 motion. 28 U.S.C. § 2255(f)(1). Jenkins did not execute his § 2255 motion until June 29, 2015, which was more than three years after the expiration of the applicable statute of limitations period. Consequently, Jenkins' petition is untimely under § 2255(f)(1). Jenkins does not contend he is entitled to the statute of limitations period found in §§ 2255(f)(2) and (3). However, it must be determined whether Jenkins is entitled to the statute of limitations period of § 2255(f)(4).

## B. Section 2255(f)(4)

Jenkins asserts he could not have discovered his claims of actual innocence, in the exercise of due diligence, until June 22, 2015, when the United States Attorney's Office "disclosed the outrageous government misconduct and criminal behavior" of AUSA Ippolito and Agent Valoze.[2] (Doc. 5, p. 2.) Jenkins contends he is entitled to use of the statute of limitations period found at Section 2255(f)(4) and based on McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (May 28, 2013).[3]

Respondent contends there are no new predicate facts, which were unknown to Jenkins at the time he pleaded guilty, to warrant the application of § 2255(f)(4)'s statute

---

[2] The undersigned presumes Jenkins intended to list January 22, 2015, as the date upon which he learned of the relationship between Ippolito and Valoze.

[3] In McQuiggin, the Supreme Court determined a state habeas corpus petitioner could assert "actual innocence", if proved, as "a gateway through which a petitioner may pass" when faced with an impediment such as the expiration of the statute of limitations. ___ U.S. at ___, 133 S. Ct. at 1928. However, the Supreme Court "caution[ed]" "that tenable actual-innocence gateway pleas are rare." Id. Jenkins' claims do not present this rarity.

AO 72A
(Rev. 8/82)

of limitations period. Respondent also contends Jenkins' claims of actual innocence do not alter the applicable statute of limitations period.

The Court assumes, *arguendo*, that Jenkins' claims trigger § 2255(f)(4)'s statute of limitations period. Nevertheless, the only claim of the several Jenkins lists as providing him relief under the larger rubric of "ineffective assistance" based on disclosure of Ippolito's and Valoze's relationship is his claim that evidence of this relationship is Brady material entitling him to relief.[4] However, for the reasons set forth below, Jenkins is not entitled to his requested relief.

## II. Ineffective Assistance of Counsel Claims

A sentence-appeal waiver will not bar certain Sixth Amendment ineffective assistance of counsel claims from being considered pursuant to Section 2255. When a petitioner alleges an ineffective assistance of counsel claim that challenges the validity

---

[4] Any facts relating to Jenkins' claims of entrapment, acting under public authority, entrapment by estoppel, pre-trial deterrents of going to trial, and outrageous governmental misconduct were known to Jenkins well before the disclosure of Ippolito's and Valoze's improper relationship in January 2015 and would not entitle Jenkins to use the statute of limitations period found at Section 2255(f)(4). See Doc. No. 1-1, pp. 5–12, 14–15. "Outrageous governmental conduct is a defense that focuses on the government's tactics in obtaining a conviction." United States v. Fernandez Martinez, 317 F. App'x 929, 934 (11th Cir. 2009). "Dismissal of an indictment on the ground that the government engaged in outrageous conduct requires a defendant to show from the totality of the circumstances that the government's conduct and over-involvement 'violated that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause of the Fifth Amendment.'" Id. at 934–35 (quoting United States v. Russell, 411 U.S. 423, 432 (1973)). "The defense can be invoked only in the 'rarest and most outrageous circumstances.'" Id. at 935 (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000)). The Supreme Court and the Eleventh Circuit Court of Appeals "have recognized the possibility that government involvement in a criminal scheme might be so pervasive that it would be a constitutional violation[; however,] that standard has not . . . been met in any case" before either Court. United States v. Sanchez, 138 F.3d 1410, 1413 (11th Cir. 1998). "Government infiltration of criminal activity and the furnishing of something of value to the criminal is a recognized and permissible means of investigation." Id. "[A]lthough a government agent may provide something of value to a criminal enterprise, he may not instigate the criminal activity, provide the place, equipment, supplies, and know-how, and run the entire operation with only meager assistance from the defendant[ ]." United States v. Wilson, 238 F. App'x 571, 573 (11th Cir. 2007) (quoting Kett v. United States, 722 F.2d 687, 689 (11th Cir. 1984)).

or voluntariness of the plea or waiver itself, such as a claim that counsel coerced or misadvised petitioner prior to entry of the plea, then the sentence-appeal waiver will not bar a court from hearing the merits of the claim. See Baird v. United States, 445 F. App'x 252, 254 (11th Cir. 2011) (noting that despite a sentence-appeal waiver, collateral attack through an ineffective assistance claim is permitted when "the movant challenges the knowing and voluntary nature of the plea"); see also Patel v. United States, 252 F. App'x 970, 971, 974–75 (11th Cir. 2007) (finding that the district court erred in dismissing, based on a sentence-appeal waiver, petitioner's claim that counsel misadvised him prior to pleading guilty); Cowart v. United States, 139 F. App'x 206, 207–08 (11th Cir. 2005) (holding that a sentence-appeal waiver that only expressly limits a petitioner from collaterally challenging his "sentence" does not bar an ineffective assistance claim that challenges the validity of his plea or the sentence-appeal waiver itself). Therefore, despite the presence of a sentence-appeal waiver in Jenkins' plea agreement, the Court must address the merits of a Section 2255 movant's claim of ineffective assistance if it challenges the validity of the plea or waiver. Id.; see also Soto v. United States, No. 3:08-CR-204-J-34MCR, 2014 WL 2993800, at *3 (M.D. Fla. July 3, 2014).

Criminal defendants have a right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685–86. The deficient performance requirement concerns "whether counsel's advice was within the

range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland, 466 U.S. at 686). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that seriously deficient performance of his attorney prejudiced the defense." Id. at 1312–13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). "In evaluating performance, 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" LeCroy, 739 F.3d at 1312 (quoting Strickland, 466 U.S. at 690). "If a petitioner cannot satisfy one prong, we need not review the other prong." Duhart v. United States, 556 F. App'x 897, 898 (11th Cir. 2014). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690.

AO 72A
(Rev. 8/82)

The Eleventh Circuit has explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). During the change of plea, or Rule 11, hearing, Judge Wood informed Jenkins that the purpose of the hearing was to determine whether he understood the case against him, that he was waiving certain rights if she accepted his guilty plea, and whether he was freely and voluntarily pleading guilty. Tr., United States v. Jenkins, 2:09-cr-29 (S.D. Ga. July 15, 2015), ECF No. 48, pp. 2–3, 7–9. Jenkins informed Judge Wood that no one had made him plead guilty. Id. at p. 3. After having him sworn in, Judge Wood explained the differences between pleading guilty and pleading not guilty, and Jenkins testified he understood the differences. Id. at p. 7. Judge Wood explained to Jenkins what the Government would have to prove, beyond a reasonable doubt, to obtain a conviction and the maximum penalty she could impose against him (ten years' imprisonment). Id. at pp. 12–13. Jenkins' plea agreement contained an appeal waiver provision, which the AUSA summarized and Judge Wood also summarized, and Jenkins expressed his understanding of this provision. Id. at pp. 17–18. Judge Wood determined Jenkins' guilty plea was knowing and voluntary, and she approved the plea agreement. Id. at p. 19. Detective Tim Williams with the Glynn County Police Department was called to provide the factual basis for Jenkins' plea agreement. Detective Williams testified that Jenkins came into the store from which the undercover operation was being conducted on February 18, 2010, and told Agent Valoze he had a "shorty" or a sawed-off shotgun

AO 72A
(Rev. 8/82)

to sell. Id. at p. 21. Detective Williams also testified that Agent Valoze paid Jenkins $150.00 in undercover funds for this gun, and this gun was not registered to Jenkins or anyone else in the National Firearms Registration and Transfer Registry. Id. at p. 22. Jenkins declared he did not recall a fifth gun Detective Williams testified about, but he otherwise did not dispute Williams' testimony, particularly his testimony regarding the sawed-off shotgun. Id. at p. 23.

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). "However, a defendant's guilty plea is not knowing and voluntary if he pled guilty on the advice of counsel and that counsel rendered ineffective assistance because his advice was outside of the range of competence demanded of attorneys in criminal cases." United States v. Munguia-Ramirez, 267 F. App'x 894, 897 (11th Cir. 2008) (internal citation omitted).

A defendant must live with what he has told a court under oath. A defendant's sworn testimony to the trial judge in open court is presumed to be truthful. In the context of a plea hearing, the United States Supreme Court has stated that "the representations of the defendant . . . at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). The defendant's representations are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. Id.

The fact of the relationship between Ippolito and Valoze represents only impeachment information and "impeachment information is special in relation to the *fairness of a trial*, not in respect to whether a plea is *voluntary* ('knowing,' 'intelligent,' and 'sufficient[ly] aware')." United States v. Ruiz, 536 U.S. 622, 629 (2002) (emphases in original). By pleading guilty, a defendant waives the right to a fair trial and the concomitant right to exculpatory impeachment material. See id. While such information may have made Jenkins "more aware . . . of the likely consequences of a plea, waiver, or decision, . . . the Constitution does not require the prosecutor to share all useful information with the defendant." Id. All that the law requires for a knowing, intelligent, and sufficiently aware waiver of a right to a fair trial by way of guilty plea is that "the defendant fully understand[ ] the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it." Id. (emphases in original).

Further, even assuming *arguendo* that the Government's failure to disclose impeachment material in this instance is cause for constitutional concern,[5] Jenkins not only swore to the facts underlying the offenses to which he pleaded guilty, but he also swore to the accuracy of Detective Williams' account of the events underlying the offenses to which he pleaded guilty. Tr., United States v. Jenkins, 2:09-cr-29 (S.D. Ga. July 15, 2015), ECF No. 48, pp. 21–23. "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." United States v. Stizer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (citing United States v. Barrett, 514 F.2d 1241, 1243 (5th Cir. 1975)); see also United States v. Rogers, 848

---

[5] In Ruiz, Justice Thomas read the majority as "suggest[ing] that the constitutional analysis turns in some part on the 'degree of help' such information would provide to the defendant at the plea stage." Ruiz, 536 U.S. at 633 (Thomas, J., concurring).

F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). In light of the ample warnings from the Court during the plea colloquy regarding the consequences of pleading guilty and admitting the facts alleged in the indictment, it is exceedingly unlikely that disclosure of impeachment material satisfies the heavy burden of asserting that Jenkins' statements made during that colloquy were false. Cf. United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986) (concluding that, after entering a guilty plea, "any subjective belief" that the petitioner "would later be permitted to withdraw his plea and replead to a lesser charge was unjustified"). Therefore, the fact that the Government did not disclose impeachment material prior to Jenkins' guilty plea does not entitle him to relief.

In addition, the fact that Jenkins' attorney did not use evidence of this impeachment material prior to the entry of the guilty plea does not state a cognizable claim of ineffective assistance of counsel. There is no evidence before the Court that Jenkins' attorney was aware of this impeachment material prior to Jenkins' guilty plea or otherwise withheld this information after he learned of its existence. Accordingly, Jenkins is not entitled to his requested relief under the guise of an ineffective assistance of counsel claim.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Jenkins' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**. Jenkins' Motion for Appointment of Counsel, (doc. no. 3), is **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of February, 2016.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)